UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| VR GLOBAL PARTNERS, L.P. PATON HOLDINGS LTD., VR CAPITAL GROUP LTD., AND VR ARGENTINA RECOVERY FUND, LTD., | : : : : | No. 07 Civ. 8686 (GEL) |
| Plaintiffs, | : : | FILED ELECTRONICALLY |
| - against - | : : | |
| PHILIP R. BENNETT, ET AL., | : : | |
| Defendants. | : | |

-------------------------------------------------------------------x

| | | |
|---|---|---|
| CAPITAL MANAGEMENT SELECT FUND LTD., INVESTMENT & DEVELOPMENT FINANCE CORPORATION, IDC FINANCIAL S.A., | : : : | No. 07 Civ. 8688 (GEL) |
| Plaintiffs, | : : | |
| - against - | : : | |
| PHILIP R. BENNETT, ET AL., | : : | |
| Defendants. | : : | |

-------------------------------------------------------------------x

### DECLARATION OF MATTHEW J. SAVA
### IN SUPPORT OF DEFENDANTS JOSEPH J. MURPHY'S AND
### WILLIAM M. SEXTON'S MOTION TO DISMISS THE COMPLAINTS

MATTHEW J. SAVA hereby declares under penalty of perjury:

1.      I am a partner in the law firm Shapiro Forman Allen & Sava LLP, attorneys for

defendant Joseph J. Murphy.  I respectfully submit this Declaration in support of the joint motion

by defendants Murphy and William M. Sexton to dismiss the Complaints in the above-captioned

actions.

2.      Attached hereto as Exhibit A is an excerpt of the transcript of testimony by

Thomas Yorke ("Yorke") at a hearing before the Honorable Robert D. Drain in the United States

Bankruptcy Court for the Southern District of New York in connection with the Refco

bankruptcy. Mr. Yorke, a former Executive Vice President of Refco Capital Markets, Ltd.

("RCM") on its Global Execution and Finance Desk, testified in connection with a hearing

before Judge Drain regarding procedures followed by RCM with respect to customer securities.

      3.      Mr. Yorke's testimony took place over three days in early 2006 (February 28,

March 3 and March 6). Mr. Yorke's testimony is cited, referred to and relied upon in the

Complaints in the above-captioned actions. Plaintiffs do not, and cannot, allege in their

Complaints that Mr. Yorke ever mentioned Joseph Murphy or William Sexton in his testimony,

which I have independently confirmed based on a review of the more than 750 transcript pages of

Mr. Yorke's testimony.

Dated: New York, New York
       February 21, 2008

_____/s/_____

Matthew J. Sava

# EXHIBIT A

```
1                        UNITED STATES BANKRUPTCY COURT
                          SOUTHERN DISTRICT OF NEW YORK
2

3      ----------------------------------------X
                                               :
4      In Re the Matter of:                    :    05-60006
                                               :
5                    REFCO, INC.,              :    One Bowling Green
                                               :    New York, New York
6                       Debtors.               :    March 3, 2006
       ----------------------------------------X
7                                              :
       OFFICIAL COMMITTEE OF UNSECURED         :    05-03331
8      CREDITORS,                              :
                                               :
9                     Plaintiffs,              :
                                               :
10                        v.                   :
                                               :
11     JOHN DOE, et al.,                       :
                                               :
12                   Defendants.               :
       ----------------------------------------X
13
                              TRANSCRIPT OF HEARING
14               BEFORE THE HONORABLE ROBERT D. DRAIN
                         UNITED STATES BANKRUPTCY JUDGE
15

16     APPEARANCES:

17     For the Debtor:           RICHARD B. LEVIN, ESQ.
                                 Skadden, Arps, Slate, Meagher
18                                & Flom, LLP
                                 Four Times Square
19                               New York, New York   10036

20

21     For Plaintiffs:           MATTHEW BARV, ESQ.
                                 Milbank, Tweed, Hadley & McCloy
22                               One Chase Manhattan Plaza
                                 New York, New York   10005
23

24
       For Bank of America:      THOMAS TORMEY, ESQ.
25                               Davis, Polk & Wardwell
                                 450 Lexington Avenue
                                 New York, New York   10017

                             (Appearances continued on next page)
```

```
 1                      UNITED STATES BANKRUPTCY COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3    APPEARANCES  (Continued)

 4

 5

 6

 7    Court Transcriber:          STACEY DELSOLE
                                  TypeWrite Word Processing Service
 8                                356 Eltingville Boulevard
                                  Staten Island, New York 10312
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service
```

Litt - Cross                                    80

1          MR. LITT:   Your Honor, I'm going to ask him some

2  questions about it.   I just want him to understand that he saw

3  it.

4  Q     By the way, had you read that language before this

5  bankruptcy?

6  A     I have probably just reviewed the customer accounts on a

7  cursory basis prior to the bankruptcy.

8  Q     A cursory basis.

9  A     Correct.

10 Q     Is that right?

11 A     Yes.

12 Q     But it's this agreement that you base your contention that

13 you had a right to hypothecate customer securities, right?

14 A     Yes.

15 Q     You ran the desk that hypothecated more than $2 billion of

16 customer securities and in your words pushed it up to Refco

17 Capital and the Refco empire and had no idea of the basis for

18 doing it?

19 A     Well, that's not correct.

20 Q     So what was your basis?

21 A     Well, my basis was that when I came on in '97 I was

22 working for two years for someone who was running this business

23 and he explained to me how the business worked and how we were

24 to run it.   And then when he left I took over and ran the

25 business in the manner that it had been run for the two years

Litt - Cross                                    81

1  that I originally joined the business.  I understood it to be
2  run in connection with Refco's rights as a result of it being a
3  Bermudian entity.
4  Q    So as a result, you never had occasion, or thought about,
5  reading this customer agreement?
6  A    No, I would have, like I said, looked at one on a cursory
7  basis from time to time.
8  Q    Would you turn to page CMSF 14, which I believe it page
9  14.  Yes.  This document also describes [inaudible] from that
10  paragraph, right?  Down in the Miscellaneous under where we
11  define what Refco is about in the Miscellaneous section?
12  A    It says "Trades executed at Refco" and then --
13  Q    Then go down.
14  A    -- I add down below it says "Trades executed away from
15  Refco".
16  Q    But cleared by Refco, right?
17  A    Yes.
18  Q    That's called what?
19  A    Well, they have in brackets here, Prime Brokerage, but I
20  hesitate to describe clearing a trade away as Prime Brokerage.
21  Q    But RCM described to their clients this was Prime
22  Brokerage, right?
23  A    Well, I wouldn't describe this -- I don't think there's
24  any section in here in this particular agreement describing
25  Prime Brokerage.